UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN AUDELO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WEYERHAEUSER NR COMPANY,<br><br>　　　　　Defendant. | No.  2:25-cv-0877 AC<br><br><br><u>ORDER</u> |

　　　　This action was removed from the Shasta County Superior Court on March 17, 2025. ECF No. 1.  The notice of removal asserted federal jurisdiction under the Labor Management Relations Act ("LMRA") and the Class Action Fairness Act of 2005 ("CAFA"). <u>Id.</u> at 2.  The parties have consented to the jurisdiction of the undersigned magistrate judge.  ECF No. 12.

　　　　Pursuant to the court's order, the parties filed a joint status report on December 8, 2025. ECF Nos. 25-26.  In this report, plaintiff requests that the court "on its own motion" grant leave to amend the complaint to strike all class allegations, and to subsequently remand the matter back to state court.  ECF No. 26 at 2.  Defendant opposes leave to amend without requiring plaintiff to file a noticed motion to that effect.  <u>Id.</u>  As to remand, defendant argues that plaintiff has not provided any evidence that the amount in controversy would be less than the applicable jurisdictional threshold.  <u>Id.</u> at 2, 6.

　　　　Motions to amend the pleadings are generally governed by the liberal standard of Rule

1

15(a) of the Federal Rules of Civil Procedure. Pursuant to Rule 15, "leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185-87 (9th Cir. 1987)). In other words, under Rule 15(a)(2), a party may amend its pleading with the court's leave, which should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). Conversely, a motion for leave to be amend should be denied based on one of four relevant factors – "undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party.'" Entangled Media, LLC v. Dropbox, Inc., 348 F.R.D. 649, 655 (N.D. Cal. 2025) (quoting United States v. Webb, 655 F.2d 977, 979-80 (9th Cir. 1981)). Courts cannot deny leave to amend based on lengthy delay alone, but rather "where prejudice is shown or the movant acts in bad faith." Id.

Despite the lack of a noticed motion, the joint status report provided defendant with an opportunity to articulate why leave to amend should be denied. Yet the only reasons defendant provides are that plaintiff has amended the complaint once, and that he has not demonstrated that the resulting complaint would merit remand. ECF No. 26 at 2; see also ECF No. 7 (granting a stipulation to dismiss select individual and class claims). That plaintiff has already amended the complaint is irrelevant, except to the extent that plaintiff therefore cannot amend it further without either the opposing party's written consent or the court's leave. See Fed. R. Civ. P. 15(a)(1)-(2). Furthermore, whether the court should subsequently remand the case is best addressed in a separate motion following such amendment.

Requiring plaintiff to proceed on the current complaint could prejudice him more than granting leave to amend would prejudice either party. The party seeking class certification bears the burden of demonstrating that the requirements of Rule 23(a) and (b) are satisfied by a preponderance of the evidence. Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC, 31 F.4th 651, 665 (9th Cir. 2022); United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. ConocoPhillips Co., 593 F.3d 802, 807 (9th Cir. 2010). In other words, "plaintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule

2

23." Halliburton Co. v. Erica P. John Fund, Inc., 573 U.S. 258, 275 (2014) (emphasis in original). Defendant acknowledges that proceeding on the current complaint could require bifurcating discovery, with the first part focused on matters relevant to class certification. ECF No. 26 at 3. The court should not compel plaintiff to proceed with discovery and briefing on class certification based on claims that plaintiff does not want to pursue.

Given the liberality with which leave to amend must be granted and the fact that plaintiff seeks to substantially trim, rather than expand, his lawsuit, the undersigned concludes that a noticed motion to amend would serve no purpose. Were plaintiff seeking to add claims or defendants, briefing on the viability of the proposed amendments would be appropriate. Here, however, plaintiff has plainly indicated an intention to abandon his class claims and allegations. This intention must be honored, and leave to amend is appropriately granted based on the representations in the joint status report.

Whether striking said claims would merit remanding this case back to the Shasta County Superior Court cannot be determined on the present record. If at any time following removal, it appears that removal was improper because of a lack of subject matter jurisdiction, the case must be remanded to state court. 28 U.S.C. § 1447(c). As defendant notes, plaintiff does not indicate whether his individual damages would exceed the $75,000 threshold for federal diversity jurisdiction. ECF No. 26 at 2; 28 U.S.C. §1332. The parties also do not discuss whether the LMRA still applies, despite defendant listing it as a separate basis for subject matter jurisdiction in its notice of removal. See ECF No. 1 at 2, 16. The parties must brief these issues before the court decides whether to remand the action. The court further agrees with defendant that issuing a scheduling order or setting discovery deadlines before resolving such a motion would be premature. ECF No. 26 at 2-3.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to amend the complaint is GRANTED. Plaintiff shall have 30 days from the date of this order to file an Amended Complaint which omits all claims (and related class allegations) that plaintiff no longer seeks to pursue, including any claims the court previously dismissed pursuant to stipulation. No new claims may be added.

2. Plaintiff shall, within 21 days of filing the Amended Complaint, file a motion to remand the action for lack of federal jurisdiction. Briefing shall follow Local Rule 230; and

3. No scheduling order will issue at this time.

DATED: December 18, 2025

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE